**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOEL HEABEART, *et al.*,

                            Plaintiffs,

           vs.

COINBASE, INC., *et al.*,

                          Defendants.

1:25-cv-09197(JSR)(SN)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**


PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP

Randall Scott Luskey (admitted *pro hac vice*)
535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5100

Paul D. Brachman
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

Kristina A. Bunting
Michael J. Pisem
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

*Attorneys for Defendants Coinbase, Inc., Coinbase*
*Global, Inc., and Brian Armstrong*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT......................................................................................................................... 2

    I.       The AC's Securities Fraud Allegations Fail ............................................................. 2

          A.      Plaintiffs' Claims Are Time-Barred............................................................. 2

          B.      The AC Fails to Plead Actionable Misstatements ...................................... 3

          C.      The AC Fails to Plead a Strong Inference of Scienter ............................... 5

               (1)     Plaintiffs Fail to Allege Motive and Opportunity to Commit Fraud ................................................................................................ 6

               (2)     Plaintiffs Fail to Allege Conscious Misbehavior or Recklessness ................................................................................... 7

          D.      Plaintiffs Fail to Allege Reliance on Coinbase's Statements..................... 9

          E.      Plaintiffs Fail to Plead Loss Causation ....................................................... 9

    II.     Plaintiffs Fail to Allege a Violation of Section 20(a) .......................................... 10

    III.    All Claims Against Coinbase Global, Inc. Should Be Dismissed ........................ 10

    IV.    Dismissal Should Be With Prejudice .................................................................... 10

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
28 F.4th 343 (2d Cir. 2022) ...................................................................................................3

*Arnett* v. *Gray Cap. Partners, Inc.*,
2011 WL 13481933 (E.D.N.Y. July 11, 2011)........................................................................3

*ATSI Comm'cns., Inc.* v. *Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007)..................................................................................................3–4

*In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig.*,
757 F. Supp. 2d 260 (S.D.N.Y. 2010)...............................................................................3, 8

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*,
995 F. Supp. 2d 291, 307 (S.D.N.Y. 2014)............................................................................8

*In re Citigroup Inc. Sec. Litig.*,
753 F. Supp. 2d 206 (S.D.N.Y. 2010)....................................................................................8

*City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan* v. *Nat'l Gen. Holdings Corp.*,
2021 WL 212337 (S.D.N.Y. Jan. 21, 2021) ..........................................................................6

*Constr. Laborers Pension Tr. for S. Cal.* v. *CBS Corp.*,
433 F. Supp. 3d 515 (S.D.N.Y. 2020).....................................................................................4

*In re CRM Holdings, Ltd. Sec. Litig.*,
2012 WL 1646888 (S.D.N.Y. May 10, 2012) ........................................................................8

*In re Gentiva Sec. Litig.*,
971 F. Supp. 2d 305 (E.D.N.Y. 2013) ...................................................................................6

*Kalnit* v. *Eichler*,
264 F.3d 131 (2d Cir. 2001).................................................................................................6–7

*Kao* v. *Brit. Airways, PLC*,
2018 WL 501609 (S.D.N.Y. Jan. 19, 2018) ......................................................................2, 9

*Lentell* v. *Merrill Lynch & Co.*,
396 F.3d 161 (2d Cir. 2005)...........................................................................................5, 9–10

*Macquarie Infrastructure Corp.* v. *Moab Partners, L.P.*,
601 U.S. 257 (2024)................................................................................................................5

*Maso Cap. Invs. Ltd.* v. *E-House (China) Holdings Ltd.*,
  2024 WL 2890968 (2d Cir. June 10, 2024) ...................................................................5

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  851 F. Supp. 2d 512 (S.D.N.Y. 2012)..........................................................................7

*Microbot Med., Inc.* v. *Mona*,
  2020 WL 8671943 (S.D.N.Y. Dec. 17, 2020), *R&R adopted*, 2021 WL
  1192110 (S.D.N.Y. Mar. 30, 2021). ............................................................................3

*Novak* v. *Kasaks*,
  216 F.3d 300 (2d Cir. 2000)...........................................................................6–7, 7–8

*Oughtred* v. *E\*Trade Fin. Corp.*,
  2011 WL 1210198 (S.D.N.Y. Mar. 31, 2021) ...............................................................9

*Pehlivanian* v. *China Gerui Advanced Materials Grp., Inc.*,
  2016 WL 2859622 (S.D.N.Y. May 16, 2016) ...............................................................5

*In re Qiwi plc Sec. Litig.*,
  2023 WL 7283619 (E.D.N.Y. Nov. 3, 2023)..................................................................8

*Bd. of Trs. of Ft. Lauderdale Gen. Emps.' Ret. Sys* v. *Mechel OAO*,
  811 F. Supp. 2d 853 (S.D.N.Y. 2011)...........................................................................8

*Rombach* v. *Chang*,
  355 F.3d 164 (2d Cir. 2004)................................................................................5, 6, 7

*Rudman* v. *CHC Grp. LTD.*,
  217 F. Supp. 3d 718 (S.D.N.Y. 2016)...........................................................................2

*Shields* v. *Citytrust Bancorp, Inc.*,
  25 F.3d 1124 (2d Cir. 1994)......................................................................................8–9

*Silberstein* v. *Aetna, Inc.*,
  2015 WL 1424058 (S.D.N.Y. Mar. 26, 2015) ..............................................................3

*Teamsters Loc. 445 Freight Div. Pension Fund* v. *Dynex Cap. Inc.*,
  531 F.3d 190 (2d Cir. 2008).........................................................................................7

*Tyler* v. *Liz Claiborne, Inc.*,
  814 F. Supp. 2d 323 (S.D.N.Y. 2011)...........................................................................8

*In re Vivendi Universal, S.A. Sec. Litig.*,
  765 F. Supp. 2d 512 (S.D.N.Y. 2011)...........................................................................5

*Woolgar* v. *Kingstone Cos., Inc.*,
  477 F. Supp. 3d 193 (S.D.N.Y. 2020)...........................................................................8

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiffs' opposition brief ("MTD Opp.")[1] confirms that Plaintiffs' securities fraud claims should be dismissed because (1) they are untimely, and (2) the AC fails to plead every element of their Section 10(b) and 20(a) claims. Plaintiffs do not identify any facts underlying their claims that were only reasonably discoverable after May 2023. They also fail to identify the "who, what, where, and how" of any specific misrepresentations by Defendants or address Defendants' arguments that their representations concerning WLUNA were not misleading. And Plaintiffs do not point to particularized facts suggesting Defendants were motivated to defraud WLUNA purchasers by a concrete personal benefit or were apprised of information contradicting their alleged misrepresentations, and thus fail to plead scienter. Recognizing that the AC's vague allegations as to the Coinbase-Terraform relationship are inadequate, Plaintiffs rely on unpleaded allegations concerning Coinbase's "profit" from and "control" over WLUNA trading. But such generic allegations cannot give rise to any inference of scienter, let alone a strong one. The opposition also dedicates only two paragraphs to reliance and loss causation, which do nothing to show how Plaintiffs relied on the (unidentified) misrepresentations or how Defendants' purported fraud proximately caused Plaintiffs' losses. Plaintiffs' Section 20(a) claim likewise fails because they do not plead any primary violation and they do not identify any facts that support an individualized determination of Armstrong's or Coinbase Global's culpable participation.

In sum, Plaintiffs' opposition demonstrates that the AC falls well short of the PSLRA's demanding pleading standards. It ignores the AC's fundamental deficiencies, cites inapplicable case law, and fails to engage with Defendants' arguments. The PSLRA was designed to prevent this exact type of case surviving a motion to dismiss. Dismissal with prejudice is warranted.

---

[1]    Capitalized terms and other abbreviations have the same meanings as explained in Defs.' Mot. to Dismiss (ECF No. 85) ("Motion" or "MTD Br.").

## ARGUMENT

### I.    THE AC'S SECURITIES FRAUD ALLEGATIONS FAIL

#### A.    Plaintiffs' Claims Are Time-Barred

Defendants demonstrated that Plaintiffs' securities law claims are barred by the applicable two-year statute of limitations because, on the face of the AC, the facts forming the basis of their claims were reasonably discoverable prior to May 2023, but Plaintiffs did not file their suit until May 2025.  MTD Br. 10–12.  Plaintiffs agree that the applicable statute of limitations is two years and that it begins to run when a reasonably diligent plaintiff discovers or should discover the facts underlying the violation.  MTD Opp. 2, 6–7.  Plaintiffs also concede that undated allegations do not render claims timely where untimeliness is apparent on the face of the complaint.  MTD Br. 11; MTD Opp. 6–7; *Kao* v. *Brit. Airways, PLC*, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) (plaintiffs' failure to oppose defendants' specific motion to dismiss argument is deemed waiver).

Rather, the crux of Plaintiffs' claim is that certain facts were "undisclosed" as of May 2022 and were instead revealed "over time"—without identifying when and how they became reasonably discoverable.  MTD Opp. 6.  But the AC and judicially noticeable materials show that these exact allegations were reasonably discoverable prior to May 2023, and Plaintiffs' citations to the AC (¶¶ 65–70, 75–80) do not say otherwise.  On the face of the AC, any purported "[d]ivergences between Coinbase's internal accounting systems and blockchain-ledger reality," MTD Opp. 6, were apparent in 2021 when Plaintiff Lucanera allegedly received false tax documents that "dramatically contradict[ed] blockchain ledger entries," which Plaintiffs admit are "publicly verifiable."  AC ¶¶ 38–39; *see Rudman* v. *CHC Grp. LTD.*, 217 F. Supp. 3d 718, 724 (S.D.N.Y. 2016) (plaintiffs "could and should have discovered . . . fact [that] was largely obvious" from public disclosures at the time they were made).  Contrary to Plaintiffs' opposition (at 6–7), the AC does not allege that any inaccurate forms were received post-May 2023.  Further, the facts

in the AC and opposition that Plaintiffs claim suggest scienter, such as Coinbase's financial position in Terra assets, MTD Opp. 2; AC ¶¶ 2, 33, were public as early as January 2021.[2]  And Coinbase's alleged "inability to technically honor the WLUNA peg or process conversions," MTD Opp. 6, was reasonably discoverable pre-May 2023 because according to the AC, Defendants implied trading "would resume after a ***brief pause***."  AC ¶ 35 (emphasis added); *see Arnett* v. *Gray Cap. Partners, Inc.*, 2011 WL 13481933, at *6 (E.D.N.Y. July 11, 2011) (facts underlying 10(b) claim reasonably discoverable at time that defendants failed to fulfill promises that they were supposed to fulfill "immediately after (or shortly after) making them").  Although Plaintiffs assert timeliness is "rarely resolved at pleadings," MTD Opp. 7,[3] "courts routinely confront and resolve the question [of when statute of limitations began to run] at this juncture," and here, dismissal is warranted.  *Microbot Med., Inc.* v. *Mona*, 2020 WL 8671943, at *19 (S.D.N.Y. Dec. 17, 2020), *R&R adopted*, 2021 WL 1192110, at *6 (S.D.N.Y. Mar. 30, 2021).

### B.    The AC Fails to Plead Actionable Misstatements

Plaintiffs concede that the PSLRA applies and that the statute requires them to "specify each statement alleged to have been misleading, [and] the reason or reasons why [it] is misleading[.]"  15 U.S.C. § 78u-4(b)(1)(B); MTD Opp. 1, 5.  And they do not contest that they are

---

[2]    Brady Dale, *Galaxy, Coinbase Bet $25M on DeFi Using Terra Stablecoins*, YAHOO FIN. (Jan. 26, 2021),  https://finance.yahoo.com/news/galaxy-coinbase-bet-25m-defi-150000494.html; Brett Tejpaul, Matt Boyd & Caroline Tarnok, *Institutional Insights: Our Approach to Crypto Financing*, COINBASE BLOG at n.1 (July 20, 2022) ("Coinbase's venture program did make non-material investments in Terraform Labs."), https://www.coinbase.com/blog/institutional-insights-our-approach-to-crypto-financing.  The Court may take judicial notice of the fact information is public to evaluate whether Plaintiffs' claims are timely.  *See Silberstein* v. *Aetna, Inc.*, 2015 WL 1424058, at *9 n.3 (S.D.N.Y. Mar. 26, 2015) (proper to take judicial notice of fact of press coverage to assess timeliness).

[3]    Contrary to their assertion, Plaintiffs' cited cases—*Arkansas Public Employees Retirement System v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 350 (2d Cir. 2022) and *In re Bank of America Corp. Securities, Derivative, & ERISA Litigation*, 757 F. Supp. 2d 260, 318–20 (S.D.N.Y. 2010)—do not address timeliness of claims.

required to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI Comm'cns., Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Plaintiffs' opposition confirms that these particularized facts are absent from the AC. They do not identify any specific statements, who made them, where and when they were made, and explain why they were false. MTD Opp. 8. And the specific AC paragraphs the opposition cites to do not do so either. *See, e.g.*, AC ¶¶ 48–49 (vague allegations that do not identify any specific statements as to the peg, trading suspension, conversions, or tax forms); ¶¶ 25–30, 45–47, 50–60, 65–70 (no allegations as to specific post-collapse statements or false tax or account statements).

Defendants also demonstrated that any (unidentified) statements they did make concerning WLUNA were not false or misleading. Specifically, Defendants showed that (1) they did not misrepresent WLUNA as consistently maintaining a 1:1 immutable peg with LUNA and the AC is devoid of facts showing WLUNA did not track LUNA's value during the relevant period; (2) Coinbase's actual statements regarding the suspension of trading in WLUNA never used the term "temporary;" and (3) Plaintiffs did not, and could not, allege how they were misled by purportedly false tax and account statements that, taking their allegations as true, were so obviously false that they would not be misleading. MTD Br. 12–16. Plaintiffs' opposition does not address these arguments. Because Plaintiffs concede that these representations were not misleading and fail to identify with specificity any other alleged misrepresentations, their claims should be dismissed. *See Constr. Laborers Pension Tr. for S. Cal.* v. *CBS Corp.*, 433 F. Supp. 3d 515, 531 (S.D.N.Y. 2020) (plaintiffs waived claims by "not respond[ing] to Defendants' arguments" that alleged statements were not misleading on motion to dismiss).

Plaintiffs seek to circumvent the PSLRA's pleading requirements for misrepresentations

by claiming that Coinbase simply omitted material facts.  MTD Opp. 9.  But the Supreme Court has held that pure omissions (as opposed to half-truths) are not actionable under Section 10(b). *Macquarie Infrastructure Corp.* v. *Moab Partners, L.P.*, 601 U.S. 257, 260, 263 (2024); *see also Maso Cap. Invs. Ltd.* v. *E-House (China) Holdings Ltd.*, 2024 WL 2890968, at *4 (2d Cir. June 10, 2024) (summary order) (no liability "for failure to speak on a subject at all" (cleaned up)).

Plaintiffs also claim that Defendants seek to create a factual dispute or are asking the Court to engage in premature fact-finding.  MTD Opp. 5, 8.[4]  But the Court need not find as a factual matter "who" made the misstatements; Defendants are instead arguing that the AC fails to meet PSLRA-mandated pleading standards by failing to plead particularized facts necessary to state a claim.  *See Rombach* v. *Chang*, 355 F.3d 164, 174 (2d Cir. 2004) (affirming dismissal where complaint failed to "demonstrate with specificity why and how" statements were "false and misleading"); *Pehlivanian* v. *China Gerui Advanced Materials Grp., Inc.*, 2016 WL 2859622, at *9 (S.D.N.Y. May 16, 2016) (complaint's "[g]eneral allegations" of misleading statements did not satisfy PSLRA obligation "to specify each misleading statement at issue").[5]  Because the AC fails to meet the threshold pleading requirements for falsity under the PSLRA, it must be dismissed.

## C.    The AC Fails to Plead a Strong Inference of Scienter

Defendants showed that the AC fails to allege with particularity facts giving rise to a strong inference of scienter, as required by the PSLRA, and that the AC suggests a far more compelling and non-culpable inference for any allegedly misleading statements: Coinbase did not restore

---

[4]    Plaintiffs' claim that this Court "rejected similar premature fact-finding" in *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 535 (S.D.N.Y. 2011), is misleading: this Court did not decide that case, nor does it address fact-finding on a motion to dismiss.

[5]    Plaintiffs' reliance on *Lentell* v. *Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005), is misplaced; the court there did ***not*** make any findings as to a misleading "course of conduct," MTD Opp. 8, but instead affirmed dismissal for failure to plead loss causation.

WLUNA trading because of market events, not fraud.  MTD Br. 16–19.

Plaintiffs do not contest that they have the burden under the PSLRA to "state with particularity facts giving rise to a strong inference" of scienter, nor that any fraudulent inference must be cogent and at least as compelling as any non-fraudulent inference.  MTD Opp. 9–11.  And Plaintiffs have abandoned any claim that Defendants intended to mislead; rather, they claim only that Defendants were reckless.  Plaintiffs agree that they must allege facts to show either (1) that Defendants had motive and opportunity to defraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness.  *Id*.  But the opposition confirms that they cannot identify any motive for Defendants to mislead WLUNA purchasers or point to specific information contradicting any alleged misstatement to which Defendants had actual access, which is dispositive.  *Rombach*, 355 F.3d at 176–77 (no scienter where allegations did not demonstrate motive or "that defendants knew of specific facts" contradicting alleged misrepresentations).

### (1)    Plaintiffs Fail to Allege Motive and Opportunity to Commit Fraud

Plaintiffs concede they must allege that Defendants received a concrete and personal benefit from the purported fraud in order to support scienter.  MTD Opp. 10 (quoting *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan* v. *Nat'l Gen. Holdings Corp.*, 2021 WL 212337, at *8 (S.D.N.Y. Jan. 21, 2021)).  Recognizing that the mere holding of Terra assets is not sufficient, MTD Br. 17, Plaintiffs now pivot to claiming that Defendants had a personal motive to defraud WLUNA purchasers because "Coinbase profited from listing and promoting WLUNA, custody fees, and post-collapse handling that locked in customer assets."  MTD Opp. 10.  But Plaintiffs do not allege any nexus between the alleged fraudulent misrepresentations and the purported benefits.  *See In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 334 (E.D.N.Y. 2013) (to plead scienter, "plaintiff must allege a unique connection between the fraud and the benefit" (cleaned up)).  Instead, they point to a motive "possessed by virtually all corporate insiders"—

corporate profit—which is insufficient to give rise to any scienter inference. *Novak* v. *Kasaks*, 216 F.3d 300, 307–08 (2d Cir. 2000); *Kalnit* v. *Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) ("Motives that are generally possessed by most corporate directors and officers do not suffice" to plead scienter); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 528 (S.D.N.Y. 2012) (motive allegations to expand customer base and fees were insufficient general business motives). Moreover, Plaintiffs' allegations are conclusory: they do not plead any particularized facts regarding how Coinbase profited from listing WLUNA, what custody fees were charged, or how it profited from "post-collapse handling that locked in customer assets." MTD Opp. 10.[6]

### (2) Plaintiffs Fail to Allege Conscious Misbehavior or Recklessness

If motive is absent, "the strength of the circumstantial allegations must be correspondingly greater." *Kalnit*, 264 F.3d at 142; MTD Br. 17. Plaintiffs' opposition confirms that the AC does not plead particularized facts alleging specific contradictory information was made available to Defendants. MTD Opp. 9–11; MTD Br. 18–19. The AC therefore fails to plead recklessness under established Second Circuit law. *See Teamsters Loc. 445 Freight Div. Pension Fund* v. *Dynex Cap. Inc.*, 531 F.3d 190, 194, 196 (2d Cir. 2008) ("[W]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information." (citation omitted)); *Rombach*, 355 F.3d at 176. Recognizing that they fail to allege Defendants' awareness of contradictory facts, Plaintiffs suggest that "conscious avoidance of contradictory information within a defendant's operations" is sufficient. MTD Opp. 10. But Plaintiffs must then allege "facts demonstrating that Defendants failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud." *Novak*, 216 F.3d

---

[6]    Indeed, Coinbase did not "lock[] in customer assets"—Plaintiffs' WLUNA could still be freely withdrawn from their accounts after the suspension in trading. Luskey Decl. (ECF No. 82), at Ex. 2 ("Your ability to store, send, and receive WLUNA is not impacted.").

at 308.  Here, Plaintiffs do not claim that any such information existed or that Armstrong or senior Coinbase personnel received the information but failed to review it.  *See Bd. of Trs. of Ft. Lauderdale Gen. Emps.' Ret. Sys* v. *Mechel OAO*, 811 F. Supp. 2d 853, 870 (S.D.N.Y. 2011) (no recklessness where defendants not alleged to have been made aware of contradictory information); *In re Qiwi plc Sec. Litig.*, 2023 WL 7283619, at *18 (E.D.N.Y. Nov. 3, 2023) (similar).

Plaintiffs fall back on the unpleaded and discredited core operations doctrine, MTD Opp. 9, 11,[7] but it applies "only where the operation in question constitute[s] nearly all of a company's business," and, even then, "does not independently establish scienter." *Woolgar* v. *Kingstone Cos., Inc.*, 477 F. Supp. 3d 193, 239–40 (S.D.N.Y. 2020) (citation omitted).  Plaintiffs plead no facts showing that WLUNA trading constituted nearly all of Coinbase's business, and since there are no other allegations supporting scienter, their theory fails.  *See Tyler* v. *Liz Claiborne, Inc.*, 814 F. Supp. 2d 323, 343–44 (S.D.N.Y. 2011) (core operations inapplicable where plaintiff did not allege that operations in question were "essential to [defendant's] corporate survival").

Finally, Plaintiffs do not address the compelling, entirely non-culpable inference suggested by the AC: Coinbase appropriately described WLUNA's relationship with LUNA based on information known at the time and did not restore trading because of market events independent of the alleged fraud.  MTD Br. 19.  Plaintiffs' fraudulent inferences are nonsensical.  Prolonging a suspension of WLUNA trading where Defendants are alleged to profit from trading would have

---

[7]    Plaintiffs erroneously represent that the cases cited in support of the core operations theory are this Court's opinions (they are not) and/or they misrepresent them.  *See Bank of Am.*, 757 F. Supp. 2d at 323 (S.D.N.Y. 2010) (scienter adequately alleged based on awareness of contradictory facts, not core operations); *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 238–39 (S.D.N.Y. 2010) (scienter adequately alleged based on meetings, not core operations); *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, 995 F. Supp. 2d 291, 307 (S.D.N.Y. 2014) (not addressing core operations doctrine).  To the extent Plaintiffs intended to cite *In re CRM Holdings, Ltd. Securities Litigation*, 2012 WL 1646888 (S.D.N.Y. May 10, 2012), another court found no actionable misstatements concerning the core of the business.

been against Defendants' "informed economic self-interest." *Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1130 (2d Cir. 1994) (motive allegations insufficient where it was "hard to see what benefits accrue[d]"). Similarly, it is unexplained how Defendants benefited by misrepresenting the WLUNA-LUNA peg, and then refusing to properly execute conversions. Because the non-culpable inference is more compelling, Plaintiffs' claims should be dismissed. *See Oughtred* v. *E\*Trade Fin. Corp.*, 2011 WL 1210198, at \*12 (S.D.N.Y. Mar. 31, 2011) (fraudulent inference not as compelling as competing inference given "unprecedented and sudden [market] collapse").

> **D.    Plaintiffs Fail to Allege Reliance on Coinbase's Statements**

Plaintiffs do not dispute that the AC fails to invoke the presumption of reliance and that they are foreclosed from claiming reliance on post-May 27, 2022 misrepresentations.[8]  MTD Br. 20–22. Their sole, conclusory contention is that they relied on Coinbase's misrepresentations in "purchasing WLUNA, maintaining positions, and being unable to exit." MTD Opp. 11. But the cited AC paragraphs say nothing about reliance, "maintaining" a position gives rise only to an impermissible holder claim, and Plaintiffs were able to withdraw their WLUNA even if they could not trade it on Coinbase. MTD Br. 21; Luskey Decl. at Ex. 2. The opposition and AC do not explain ***how each Plaintiff*** actually relied on the alleged misrepresentations, warranting dismissal.

> **E.    Plaintiffs Fail to Plead Loss Causation**

Plaintiffs fail to plead that their losses were proximately caused by Defendants' alleged misrepresentations, rather than the collapse of the Terra-Luna ecosystem or post-collapse independent events. MTD Br. 22–23. Plaintiffs' sole response that Defendants' misrepresentations need only be a "substantial contributing cause," MTD Opp. 11, ignores that they must be the alleged proximate cause. And the AC fails to plead ***any*** facts showing that

---

[8]    Plaintiffs do not dispute that the fraud-on-the-market presumption is unavailable to them, waiving any argument to the contrary. *Kao*, 2018 WL 501609, at \*5.

Defendants' misrepresentations proximately caused Plaintiffs' losses or what their losses actually were. *See Lentell*, 396 F.3d at 177 (plaintiff must allege "facts sufficient to support an inference that it was defendant's fraud—rather than other salient factors—that proximately caused plaintiff's loss"). Instead, Plaintiffs acknowledge that the Terra collapse led to a crash in the value of WLUNA, and thus caused Plaintiffs' alleged losses. AC ¶ 34.

## II.  PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF SECTION 20(A)

Plaintiffs' control person claim should be dismissed because (1) Plaintiffs do not dispute that it carries the same limitation period as their Section 10(b) claim, and that claim is time-barred, (2) Plaintiffs do not allege a primary violation of Section 10(b), and (3) Plaintiffs concede that "culpable participation" is a required element and do not point to facts showing that Armstrong or Coinbase Global culpably participated in the alleged fraud. MTD Br. 23.

## III.  ALL CLAIMS AGAINST COINBASE GLOBAL, INC. SHOULD BE DISMISSED

Plaintiffs do not dispute that their claims arise solely from the provision of trading services by Coinbase, Inc. MTD Br. 23–24. Instead, they vaguely claim that the AC alleges Coinbase Global's participation "as the parent overseeing operations," MTD Opp. 12, but there are no facts regarding Coinbase Global's participation in or knowledge of any misconduct. Plaintiffs' citations to the AC say nothing about Coinbase Global. *See* MTD Opp. 12 (citing AC ¶¶ 105–110, most of which do not exist in AC). Thus, all claims against Coinbase Global should be dismissed.

## IV.  DISMISSAL SHOULD BE WITH PREJUDICE

Defendants' Motion showed that Plaintiffs' claims should be dismissed with prejudice because (1) Plaintiffs' claims are irredeemably time-barred, and (2) even after amending, the AC is woefully insufficient to state a claim under the PSLRA. MTD Br. 24–25.

<div align="center"><u>CONCLUSION</u></div>

Counts I and II and all claims against Coinbase Global should be dismissed with prejudice.

<div align="center">- 10 -</div>

Dated:    February 13, 2026

<div style="margin-left: 50%;">

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:  */s/ Randall Scott Luskey*

Randall Scott Luskey (admitted *pro hac vice*)

535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5100
rluskey@paulweiss.com

Paul D. Brachman
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
pbrachman@paulweiss.com

Kristina A. Bunting
Michael J. Pisem
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
kbunting@paulweiss.com
mpisem@paulweiss.com

*Attorneys for Defendants Coinbase, Inc.,
Coinbase Global, Inc. and Brian Armstrong*

</div>

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document complies with the word count limit set forth in Local Civil Rule 7.1.  I relied on the word count of the word-processing system used to prepare the document.  The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 3,406 words.

*/s/ Randall Scott Luskey*
Randall Scott Luskey