**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOEL HEABEART, *et al.*,

        Plaintiffs,

    vs.

COINBASE, INC., *et al.*,

        Defendants.

1:25-cv-09197(JSR)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
EXHIBIT A AND REFERENCES THERETO FROM PLAINTIFFS' SECOND
AMENDED COMPLAINT**

PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP

Randall Scott Luskey (admitted *pro hac vice*)
535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5100

Paul D. Brachman
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

Kristina A. Bunting
Michael J. Pisem
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

*Attorneys for Defendants Coinbase, Inc., Coinbase
Global, Inc., and Brian Armstrong*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

I.     The Court Should Strike the von NotHaus Report and Portions of the SAC That Relay Its Testimony Because It Is Not Procedurally Admissible. ..................................... 2

II.    The Report and Its Contents Should Be Stricken Because Its Authenticity and Reliability are Contested. ............................................................................................... 4

III.    Even If Considered, The Report Cannot Be Considered For the Truth of Its Contents, For Legal Conclusions, or For Mr. von NotHaus's Ultimate Opinions. ............ 5

CONCLUSION ......................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Pub. Emps. Ret. Sys.* v. *Bristol-Myers Squibb Co.*,
  28 F.4th 343 (2d Cir. 2022) ...................................................................................................5

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................6

*In re Checkpoint Therapeutics Sec. Litig.*,
  2025 WL 1434400 (S.D.N.Y. May 19, 2025) ....................................................................3, 4

*DiFolco* v. *MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)....................................................................................................4

*Ong* v. *Chipotle Mexican Grill, Inc.*,
  294 F. Supp. 3d 199 (S.D.N.Y. 2018)...........................................................................2, 3, 4, 5

*Singh* v. *Deloitte LLP*,
  2023 WL 4350650 (S.D.N.Y. July 5, 2023), *aff'd*, 123 F.4th 88 (2d Cir. 2024) ....................3

**Statutes and Rules**

Fed. R. Civ. P. 10(c) .........................................................................................................1, 2

Fed. R. Civ. P. 12(f).............................................................................................................2

## PRELIMINARY STATEMENT

In a desperate attempt to rescue their claims from dismissal, Plaintiffs attach to their Second Amended Complaint ("SAC") the "Initial Findings Report" of Extra von NotHaus, dated December 31, 2025.[1]  Ex. A, Dkt. 99-1 at 1–10 ("von NotHaus Report" or the "Report").  The Report, which purports to opine on the technical specifications of WLUNA and Coinbase's "conduct," should be stricken from the docket for multiple reasons.

*First*, the von NotHaus Report should be stricken because it is not a "written instrument" within the meaning of Fed. R. Civ. P. 10(c) and is not properly incorporated by reference into the SAC.

*Second*, the Report should be stricken because its authenticity and reliability are contested. The report is unsigned, includes no details about Mr. von NotHaus's credentials or knowledge of the asserted facts, and includes statements of Plaintiffs' counsel.

*Third*, even if the Report was procedurally proper (it is not), it cannot be considered for the truth of its contents or for Mr. von NotHaus's legal conclusions or ultimate opinions.  And the opinions contained in the Report cannot replace the factual allegations required to state a securities claim under the PSLRA.

Accordingly, the Court should strike the Report and the allegations in the SAC that are based on his Report, including but not limited to the allegations in ¶¶ 93, 95, 105–06, or otherwise disregard the Report's legal conclusions, opinions, and unsupported factual claims.

---

[1]  The SAC indicates that the Report was corrected on February 9, 2026, ¶ 93, but the Report itself is dated December 31, 2025 and does not mention any such correction.

## ARGUMENT

**I.      The Court Should Strike the von NotHaus Report and Portions of the SAC That Relay Its Testimony Because It Is Not Procedurally Admissible.**

The Court should strike the Report and any portions of the SAC that relay or rely on the testimony contained therein because the Report is procedurally improper.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In the context of ruling on a motion to dismiss, courts are generally limited to considering facts alleged in the complaint, any "written instrument" attached to a complaint as an exhibit pursuant to Federal Rule of Civil Procedure 10(c), and any document incorporated into a complaint by reference. *Ong* v. *Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 222 (S.D.N.Y. 2018) (citing *Gant* v. *Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995)).

Expert declarations are not "written instruments" under Rule 10(c). *See Ong*, 294 F. Supp. 3d at 222 (explaining Second Circuit considers "written instrument" to only include "legal document[s] that define rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate") (citing *Smith* v. *Hogan*, 794 F.3d 249, 254–55 (2d Cir. 2015)).

Nor is the Report "incorporated by reference" in the SAC. Plaintiffs baldly assert that it is, SAC ¶ 93, but documents that are created for the purpose of litigation are not "integral" to the complaint and cannot be incorporated by reference. *Ong*, 294 F. Supp. 3d at 224. In *Ong*, following dismissal of original securities claims, plaintiffs attempted to incorporate an expert declaration by reference in their amended complaint. *Id.* at 207–08. But the court explained that such a declaration clearly could not be considered because "most fundamentally, the [Expert] Declaration was drafted *for the purpose of this litigation*; Plaintiffs therefore could not have relied

on its terms while drafting their complaint," as required. *Id.* at 224 (citation omitted) (emphasis in original). The *Ong* court explained that because a plaintiff "must rely on the terms and effect of the document in drafting the complaint," a declaration "created long after the events giving rise to this litigation," specifically "for the purpose of this litigation" is not a document on which a plaintiff could have "relied on . . . while drafting their complaint." *Id.* at 223–24 (cleaned up) (citing *Global Network Commc'ns, Inc.* v. *City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (concluding that document that "was issued after [the] action was initiated . . . logically could not have been contemplated by, much less integral to, the complaint")). Courts strike or disregard purported expert declarations attached to complaints in other cases for the same reason. *See In re Checkpoint Therapeutics Sec. Litig.*, 2025 WL 1434400, at *26 n.15 (S.D.N.Y. May 19, 2025) (discussing *Ong*, 294 F. Supp. 3d at 224); *Singh* v. *Deloitte LLP*, 2023 WL 4350650, at *5 (S.D.N.Y. July 5, 2023), *aff'd*, 123 F.4th 88, (2d Cir. 2024) (same).

It is obvious that Plaintiffs did not create the Report prior to filing the initial complaint and did not rely on it in drafting their initial pleading. Plaintiffs filed their initial complaint on May 27, 2025. Dkt. 1. Plaintiffs moved to file an amended complaint on July 15, 2025, Dkt. 11, which they filed a week later on July 22, 2025. Dkt. 16. The Report, however, is dated December 31, 2025, Dkt. 99-1 at 2, and contains myriad references to the First Amended Complaint ("FAC") (*e.g.*, citations throughout to the FAC), and references that suggest the Report was either written or modified following transfer to this Court: *e.g.*, "Assigned Tasks & Responses Received from Bulldog Law on December 11, 2025," *id.* at 6; "If Coinbase re-files dismissal in SDNY…," *id.* at 7. The Report thus cannot be incorporated by reference into the SAC and any references to it in the SAC should be stricken.

- 3 -

**II.    The Report and Its Contents Should Be Stricken Because Its Authenticity and Reliability are Contested.**

The Report and its contents also should be stricken because Defendants contest the Report's authenticity and reliability.

Even where documents are integral to a complaint (the Report is not), "it must be clear on the record that no dispute exists regarding the authenticity, relevance, or accuracy of the document." *DiFolco* v. *MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (cleaned up); *Ong*, 294 F. Supp. 3d at 224 ("Defendants clearly challenge the accuracy of the [Expert] Declaration, which provides a second reason why it may not be incorporated by reference.") (citing *DiFolco*, 622 F.3d at 111). Here, the Report itself suggests that it is inauthentic or unreliable: it is not signed, does not include any details about Mr. von NotHaus's credentials or how he has personal knowledge of the asserted facts, and includes directions from counsel. And the disclaimer on the first page of the Report states that "[t]his analysis is provided for internal informational and strategic legal discussion purposes only," suggesting that Mr. von NotHaus did not intend for this document to be filed as an exhibit to the SAC.

Further, the Report is not attached to a declaration and does not establish any basis, let alone any basis in personal knowledge, for the statements within the Report. *See In re Checkpoint Therapeutics Sec. Litig.*, 2025 WL 1434400, at *26 ("Critically here, the AC's allegations based on the [Expert] Declaration *do not derive from any personal knowledge on [the expert's] part of the events at issue in this case*.") (emphasis added).

The Report and its contents should be stricken or disregarded for these independent reasons.

**III.     Even If Considered, The Report Cannot Be Considered For the Truth of Its Contents, For Legal Conclusions, or For Mr. von NotHaus's Ultimate Opinions.**

Finally, the Report should be disregarded because the Court cannot consider the truth of its contents and because the Report includes improper opinions and legal conclusions.

Even documents properly incorporated by reference into a complaint—unlike the Report—cannot be considered for the truth of their contents. *See Ong*, 294 F. Supp. 3d at 223 (S.D.N.Y. 2018) (citing *Roth* v. *Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). Here, the fact that Mr. von NotHaus purportedly made the statements in the Report—apparently months after the complaint in this case was filed—has no legal significance. The Report should therefore be disregarded and stricken.

The Report also is replete with opinions and legal conclusions that cannot be considered on a motion to dismiss. "[O]pinions cannot substitute for facts under the PSLRA." *Ark. Pub. Emps. Ret. Sys.* v. *Bristol-Myers Squibb Co.*, 28 F.4th 343, 354 (2d Cir. 2022) (quotations omitted). Even if Mr. von NotHaus's supposed opinions were admissible, they could not substitute for the lack of particularized facts in the SAC and thus cannot save it from dismissal.

Further, the Report contains multiple legal conclusions. *E.g.*, Report at 2 ("It is my initial conclusion, subject to changes in facts and other details, that Coinbase misled WLUNA holders…", that WLUNA is "an unregistered security," that it was "well within the capacity on [sic] the Coinbase engineers to identify the lack of a wrapping mechanism…"), at 3 ("To a reasonable trader, 'suspend trading' signals a temporary halt in execution on a particular venue due to abnormal conditions, not a permanent loss of an asset's economic linkage or a structural failure of its underlying mechanism," and "Plaintiffs are likely correct that Coinbase never intended to reinstate trading and Coinbase could have said as much, instead of making statement that omitted critical qualifying information."), at 5 ("As such, Coinbase Ventures is not a separate

standalone venture capital firm but instead it is structurally part of Coinbase's corporate family, often operated out of, funded by, and branded with Coinbase's identity."), at 6 ("Coinbase still facilitated the same economic and criminal scheme as LUNA with WLUNA."). The Court cannot consider any of these legal conclusions in ruling on Defendants' motion to dismiss, *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009), and so the Report must be disregarded.

<u>**CONCLUSION**</u>

For all the reasons above, the Court should strike Plaintiffs' improper Exhibit A, and all allegations based upon Mr. von NotHaus's opinions in the SAC.

Dated:    April 3, 2026

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:    */s/ Randall Scott Luskey*

Randall Scott Luskey (admitted *pro hac vice*)

535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5100
rluskey@paulweiss.com

Paul D. Brachman
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
pbrachman@paulweiss.com

Kristina A. Bunting
Michael J. Pisem
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
kbunting@paulweiss.com
mpisem@paulweiss.com

*Attorneys for Defendants Coinbase, Inc.,*
  *Coinbase Global, Inc. and Brian Armstrong*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document complies with the word count limit set forth in Local Civil Rule 7.1.  I relied on the word count of the word-processing system used to prepare the document.  The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 1,642 words.

/s/ Randall Scott Luskey
Randall Scott Luskey